ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ORIENTAL BANK Y OTROS<br><br>Recurridos<br><br>v.<br><br>NEUMOVIDA P.S.C Y OTROS<br><br>Peticionarios | TA2025CE00774 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2024CV00033<br><br>Sobre: Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

La parte demandada y peticionaria del título presentó un recurso de *certiorari* para impugnar la *Resolución* dictada el 16 de octubre de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En el referido dictamen, el foro primario, so pena de la imposición de una sanción económica de $500.00, ordenó a los comparecientes, en el plazo de 15 días, a contestar el interrogatorio y producir los documentos, según solicitados por la parte demandante y recurrida, Oriental Bank. El tribunal acotó que, en el caso de cualquier objeción, los peticionarios debían proceder de conformidad con las normas de Procedimiento Civil atinentes.

## I.

El caso del epígrafe se inició el 3 de enero de 2024, ocasión en que Oriental instó una *Demanda* en cobro de dinero, ejecución de prenda e hipoteca contra la parte peticionaria, compuesta por Neumovida, P.S.C., Hyrza Magdalys Vázquez Rivera, Jason Chávez Guerra y la Sociedad Legal de Bienes Gananciales.[1] Los peticionarios presentaron una *Contestación a Demanda, Reconvención y Demanda contra Tercero Enmendada* el

---

[1] Entrada 1 de Sistema Unificado de Manejo y Administración de Casos (SUMAC).

7 de junio de 2024.[2] Asimismo, Oriental y los terceros demandados instaron en conjunto sus respectivas alegaciones responsivas el día 17 siguiente.[3]

En lo que nos compete, el 1 de abril de 2025, Oriental informó al foro *a quo* que había cursado un *Primer Pliego de Interrogatorios y Producción de Documentos* a la parte peticionaria.[4] El tribunal se dio por enterado.[5]

El 11 de agosto de 2025, sin embargo, Oriental tuvo que solicitar al tribunal que ordenara a los peticionarios a descubrir lo solicitado.[6] Para evidenciar sus esfuerzos, unieron una cadena de correos electrónicos de los representantes legales de las partes. En respuesta, el 12 de agosto de 2025, el foro primario notificó una *Orden*, por la cual intimó a los peticionarios a contestar el descubrimiento de prueba o se expondrían a una sanción económica de $200.00.[7]

No hubo respuesta, por lo que Oriental solicitó al tribunal el 2 de septiembre de 2025 que impusiera las sanciones apercibidas.[8] En idéntica fecha, los peticionarios se opusieron y atribuyeron la demora a una situación de salud del Lcdo. José F. Gierbolini Bonilla, acreditado por el Dr. Moisés O. Ramírez.[9] En atención a ambos escritos, el foro de primera instancia concedió un nuevo término de 20 días para remitir el descubrimiento de prueba, que comenzaría a cursar a partir de 3 de septiembre de 2025.[10]

Empero, antes del plazo, el 7 de septiembre de 2025, los peticionarios instaron una *Solicitud de Orden protectora*.[11] Arguyeron que Oriental incluyó preguntas que implicaban admisiones, a pesar de no haber un requerimiento de esa naturaleza, el cual se rige por pautas distintas al interrogatorio. Sin particularizar en detalle a que cuestionamientos se

---

[2] Entrada 28 de SUMAC.
[3] Entrada 34 de SUMAC.
[4] Entrada 57 de SUMAC.
[5] Entrada 58 de SUMAC.
[6] Entrada 61 de SUMAC.
[7] Entrada 62 de SUMAC.
[8] Entrada 63 de SUMAC.
[9] Entrada 64 de SUMAC.
[10] Entrada 65 de SUMAC.
[11] Entrada 66 de SUMAC.

refería, los peticionarios unieron a la moción el instrumento de descubrimiento cursado desde abril. Al día siguiente, el tribunal les ordenó a proceder conforme la Regla 34.1 de Procedimiento Civil, que versa sobre las controversias relacionadas con el descubrimiento de prueba.[12]

El 9 de septiembre de 2025, los peticionarios solicitaron por segunda ocasión una orden protectora.[13] Adujeron que se comunicaron con la representación legal de Oriental para resolver la controversia de descubrimiento de prueba. Sin embargo, alegaron que "de manera obstinada y contumaz", Oriental se negó a dejar su supuesta conducta "opresiva y onerosa".

Oriental replicó.[14] Luego de resumir las conversaciones vía correos electrónicos entre los abogados, planteó que hacía más de 165 días que los peticionarios tenían en su poder el *Primer Pliego de Interrogatorios y Solicitud de Protección de Documentos*, "sin hacer ningún intento de permitir que se descubra lo solicitado, sin cumplir con las reglas y con el obvio intento de continuar alargando el pleito innecesariamente".

Así las cosas, el 17 de octubre de 2025, el Tribunal de Primera Instancia notificó la *Orden* impugnada en la que expresó lo siguiente:[15]

> Tiene 15 días finales la parte demandada para contestar el interrogatorio y producir los documentos so pena de sanciones económicas por $500. De entender que procede objetar alguna pregunta, deberá proceder conforme disponen las Reglas de Procedimiento Civil en cuanto a las objeciones.

Es medular señalar que, previo a acudir ante esta curia intermedia, el 17 de octubre de 2025, los peticionarios instaron una *Moción Informativa*, por virtud de la cual expresaron que en dicha fecha enviaron las contestaciones del *Interrogatorio* cursado por Oriental.[16] El foro primario se dio por enterado.[17] Entonces, el 16 de noviembre de 2025, la parte

---

[12] Véase, entrada 67 de SUMAC.
[13] Entrada 68 de SUMAC.
[14] Entrada 69 de SUMAC.
[15] Entrada 72 de SUMAC.
[16] Entrada 73 de SUMAC.
[17] Entrada 74 de SUMAC.

peticionaria presentó el recurso discrecional e interlocutorio de *certiorari* que nos ocupa, en el que esbozó los siguientes señalamientos de error:

> ERRÓ Y ABUSO DE DISCRECIÓN EL FORO DE INSTANCIA AL NO DICTAR ORDEN PROTECTORA A FAVOR DE LA PARTE RECURRENTE CON RELACIÓN AL PLIEGO DE INTERROGATORIOS Y PRODUCCIÓN DE DOCUMENTOS DE LA PARTE RECURRIDA, PESE A LA CONDICIÓN HOSTIL, OPRESIVA, ONEROSA, EXCESIVAMENTE ACUMULATIVA Y AMPLIA Y PERTURBADORA DE DICHO PLIEGO.

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL PASAR POR ALTO QUE EL PLIEGO DE INTERROGATORIOS Y PRODUCCIÓN DE DOCUMENTOS DE LA PARTE RECURRIDA CONTIENE A[S]UNTOS SUJETOS A REQUERIMIENTO DE ADMISIONES SIN CUMPLIR CON EL FORMATO PARA DICHO TIPO DE REQUERIMIENTO Y SIN INFORMAR NADA AL RESPECTO NI EL PLAZO PARA CONTESTARLO, QUE ES DISTINTO AL DE UN INTERROGATORIO.

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL INSISTIR QUE LA PARTE RECURRENTE CONTESTE EL PLIEGO DE INTERROGATORIOS Y PRODUCCIÓN DE DOCUMENTOS, PESE A SU NATURALEZA CLARAMENTE OPRESIVA U ONEROSA E INSISTIR QUE LA PARTE RECURRENTE OBJETE DICHO PLIEGO DE CONFORMIDAD CON LA REGLA 34.1 DE LAS DE PROCEDIMIENTO CIVIL, *SUPRA*, E IMPONER SANCIONES A LA PARTE RECURRENTE DE NO CUMPLIR CON SU DICTAMEN ANTEDICHO, CUANDO LAS CIRCUNSTANCIAS DE ESTE CASO TORNAN FÚTIL EL HACER USO DE LA REGLA ANTEDICHA.

El 25 de noviembre de 2025, la parte recurrida presentó *Oposición a la expedición de certiorari*. Allí constató la recepción de las respuestas del *Interrogatorio* por parte de los peticionarios y planteó que la controversia se había tornado académica.[18]

**II.**

**A.**

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *Certiorari*. En su parte pertinente, la norma dispone que el recurso solamente se expide cuando se recurre de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, que

---

[18] En cuanto al escrito judicial incoado por Oriental, la parte recurrida se limitó a abordar los criterios de la Regla 40 de nuestro Reglamento, sin expresarse sobre los méritos del recurso, conforme los señalamientos de error antes transcritos. Ello así, a pesar de nuestros pronunciamientos y advertencias en la *Resolución* de 18 de noviembre de 2025.

versan sobre remedios provisionales e *injunctions*, respectivamente. También puede expedirse el auto discrecional cuando se deniega una moción de carácter dispositivo. Excepcionalmente, el *certiorari* puede expedirse cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Asimismo, la norma procesal dispone expresamente que, al denegar la expedición de un recurso de *Certiorari*, este Tribunal de Apelaciones no tiene que fundamentar su decisión.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *Certiorari*, nos guiamos por los siete criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**B.**

La jurisdicción de los tribunales queda determinada por la aplicación de diversas doctrinas que le dan vida al llamado principio de justiciabilidad. Este principio de limitación autoimpuesta emana del rol que corresponde al Poder Judicial como parte de la trilogía de poderes de nuestro sistema de gobierno. *Muns. Aguada y Aguadilla v. JCA*, 190 DPR 122, 131-132 (2014), que cita a *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 917 (2012). Una de esas doctrinas es la de academicidad que, como corolario del

principio de justiciabilidad, "nace del elemental principio de que los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo*, 80 DPR 552, 558-559 (1958). Un caso académico es aquél que pretende obtener una determinación judicial en torno a una controversia inexistente, por lo que la sentencia que se dicte en su día no tendrá efectos prácticos. *Id.*, pág. 584. El propósito de este precepto es evitar el inadecuado uso de los recursos judiciales y evitar precedentes innecesarios. *Emp. Pur. Des., Inc. v. H.I.E.Tel.*, 150 DPR 924, 936 (2000), citado en *Super Asphalt v. AFI y otro*, 206 DPR 803, 815-816 (2021). Es decir, si la controversia pierde vigencia, ya sea por cambios fácticos o jurídicos durante el trámite, en lugar de conceder un remedio, el tribunal sólo emitiría una opinión consultiva. Por lo tanto, el tribunal debe abstenerse de resolver los méritos de la controversia que ha dejado de estar viva y presente. Véanse, *Lozada Sánchez et al. v. JCA, supra,* pág. 913; *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011); *E.L.A. v. Aguayo, supra*, pág. 584.

Cónsono con lo anterior, el Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso, a solicitud de parte o a iniciativa propia, porque se ha tornado académico. Véase, Regla 83 (B) (5) y (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025). Ello responde a que, de no estar presente alguna de las excepciones establecidas jurisprudencialmente, un foro judicial carece de jurisdicción para atender un caso que tenga visos de academicidad.

**III.**

Un detenido examen del cuadro fáctico procesal del caso de autos revela que es evidente que no es justiciable y que adolecemos de autoridad para atenderlo en sus méritos.

Primero, el dictamen impugnado no está comprendido dentro del marco de decisiones interlocutorias revisables, al amparo de la Regla 52.1

de las de Procedimiento Civil, *supra*. Nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y revisar las cuestiones según presentadas. Tampoco, los planteamientos argüidos nos persuaden para concluir que nuestra intervención sea necesaria para evitar un fracaso irremediable de la justicia, al palio de las normas procesales que gobiernan los autos discrecionales interlocutorios de *certiorari*. Asimismo, la adjudicación del foro recurrido se fundamentó en el ordenamiento procesal civil, por lo que debemos abstenernos de intervenir con aspectos de la administración y el manejo del caso, cuando el foro de primera instancia es quien tiene todos los elementos de juicio y está en mejor condición que nosotros para determinar las medidas adecuadas que garanticen la solución, justa y rápida del caso. A tales efectos, su decisión merece alta deferencia.

Segundo, la remisión a la parte recurrida de las contestaciones del *Primer Pliego de Interrogatorios y Solicitud de Protección de Documentos*, por parte de los peticionarios, según sus propias admisiones, torna en inexistente la controversia entre las partes del título.

Por lo anterior, procede desestimar el recurso del título por falta de jurisdicción, de conformidad con la Regla 83 (B) (5) y (C) del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso de *certiorari* de epígrafe, por falta de jurisdicción, por académico, y al no satisfacer los criterios establecidos en la Regla 52.1 de las de Procedimiento Civil, *supra*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones